IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>MILWAUKEE TOOL,<br>Garnishee,<br><br>and<br><br>SHAKITA TURNER,<br>Defendant. | )<br>)<br>)   Case No.: 2:25cv2025 SHL/tmp<br>)   (Ref. Case No.: 2:09CR20295-001)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## APPLICATION FOR WRIT OF GARNISHMENT

The United States of America applies to the Clerk of the United States District Court, pursuant to 28 U.S.C. § 3205(b)(1), for a Writ of Garnishment upon the Judgment entered on April 14, 2011 in Case No. 2:09CR20295-001 against the defendant judgment debtor, Shakita Turner ("Defendant"), whose social security number is \*\*\*-\*\*-0774 and whose last known address is 3286 West Willow Wyck Drive, Memphis, Tennessee 38118.

The Court awarded the United States a judgment for restitution and a special assessment against Defendant in the amount of $241,137.78. There is a balance due of $216,926.17.

Demand for payment of the above-stated debt was made upon Defendant not less than thirty (30) days from the date of this application, but Defendant has failed to satisfy this debt.

The Garnishee is believed to owe or will owe money to Defendant, or is in possession of property of Defendant, in which Defendant has a substantial non-exempt interest.

The name and address of the Garnishee or Garnishee's authorized agent is:

Milwaukee Tool
Attn: Payroll/Garnishments
13135 West Lisbon Road
Brookfield, WI 53005

                                        Respectfully submitted,

                                        REAGAN TAYLOR FONDREN
                                        ACTING UNITED STATES ATTORNEY
                                        WESTERN DISTRICT OF TENNESSEE

By:    /s/Stuart J. Canale
         Stuart J. Canale (BPR# 012590)
         Assistant United States Attorney
         United States Attorney's Office
         167 N. Main Street, Suite 800
         Memphis, TN 38103
         Office: (901) 544-4231
         Fax:   (901) 544-4230

APPLICATION GRANTED:

Dated: January 13, 2025

                                        WENDY OLIVER, CLERK
                                        UNITED STATES DISTRICT COURT
                                        WESTERN DISTRICT OF TENNESSEE

                      By:    s/ Judy Easley
                             Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>MILWAUKEE TOOL,<br>Garnishee,<br><br>and<br><br>SHAKITA TURNER,<br>Defendant. | )<br>)<br>)    Case No.: 2:25cv2025 SHL/tmp<br>)    (Ref. Case No.: 2:09CR20295-001)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## WRIT OF GARNISHMENT

TO THE GARNISHEE:   Milwaukee Tool
Attn: Payroll/Garnishments
13135 West Lisbon Road
Brookfield, WI 53005

An Application for a Writ of Garnishment against the property of the defendant judgment debtor, Shakita Turner ("Defendant"), has been filed with this Court. The Court has entered a judgment against Defendant in the amount of $241,137.78. The balance due on the Judgment as of January 13, 2025 is $216,926.17.

**You are required to withhold and retain any property in which Defendant has a substantial nonexempt interest and for which you are or may become indebted to Defendant, beginning from the date you were served with these papers, pending further order of the Court.**

You are required by law to answer in writing, under oath, within ten (10) days of service of this Writ. Your answer must include the following:

(A) whether you have custody, control, or possession of any property (including nonexempt, disposable earnings) in which Defendant has a substantial nonexempt interest;

(B) a description of such property and the value of such interest;

(C) a description of any previous garnishments to which such property is subject and the extent to which any remaining property is not exempt; and

(D) the amount of the debt you anticipate owing to Defendant in the future and whether the period for payment will be weekly or another specified period.

You must file the <u>original</u> written Answer to this Writ with the Court within ten (10) days of your receipt of this Writ by mailing it to the following address:

Clerk, U.S. District Court
Western District of Tennessee
167 N. Main Street, Suite 242
Memphis, TN 38103

You must also serve a copy of your answer upon Defendant by mailing it to Defendant's last known address:

Shakita Turner
3286 West Willow Wyck Drive
Memphis, Tennessee 38118

and upon counsel for the United States by mailing it to:

Stuart J. Canale
U.S. Attorney's Office
Financial Litigation Unit
167 N. Main Street, Suite 800
Memphis, TN 38103

Under the law, there is property that is exempt from this Writ of Garnishment. A list of exempt property is included in the attached Clerk's Notice of Garnishment.

Pursuant to 15 U.S.C. § 1674, a Garnishee is prohibited from discharging a defendant from employment by reason of the fact that his earnings have been subject to garnishment.

If you fail to answer this Writ or to withhold property in accordance with this Writ, the United States may petition the Court for an Order requiring you to appear before the Court. If you

fail to appear or do appear and fail to show good cause why you failed to comply with this Writ, the Court may enter a judgment against you for the value of Defendant's nonexempt interest in such property.

It is unlawful to pay or deliver to Defendant any item attached by this Writ.

Dated: ___January 13, 2025___

WENDY OLIVER, CLERK
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

By: _____s/ Judy Easley_____
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>MILWAUKEE TOOL,<br>Garnishee,<br><br>and<br><br>SHAKITA TURNER,<br>Defendant. | )<br>)<br>)   Case No.: 2:25cv2025 SHL/tmp<br>)   *(Ref. Case No.: 2:09CR20295-001)*<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## INSTRUCTIONS TO THE GARNISHEE

Attached is a Writ of Garnishment requesting that you determine whether you have in your possession, custody, or control any of the property or funds of the defendant judgement debtor, Shakita Turner, ("Defendant") listed therein, or any other property of Defendant. 28 U.S.C. § 3205(c)(2)(E) requires that **you file a written Answer within (ten) 10 days of your receipt of this Writ with the Court and serve a copy of the Answer upon Defendant and counsel for the United States**. You are further required to withhold and retain any property or funds in which Defendant has a substantial non-exempt interest.

1. AMOUNT GARNISHED. The amount garnished includes the principal amount of the debt plus costs and interest, if applicable.

2. AMOUNT WITHHELD. Under federal law, 15 U.S.C. § 1673(a), you should withhold each pay period:

    (a)  25% of disposable earnings each week, or

    (b) the amount by which disposable earnings for the week exceed thirty times the federal minimum hourly wage,

    whichever is less.

3. "DISPOSABLE EARNINGS" means that part of earnings remaining after deduction of any amount required by law to be withheld (such as amount of deductions for social security taxes and withholding taxes, but not court ordered alimony and child support payments which must be included in "disposable earnings"). *See* 15 U.S.C. § 1672(b); First National Bank v. Hasty, 415 F. Supp.170 (E.D. Mich. 1976), *affirmed* 573 F.2d 1310 (6th Cir. 1977) (Table).

4. No check should be mailed until the Final Order of Garnishment is received. Please ensure that you withhold the funds in accordance with this Writ, but do not remit those monies until you receive the final Order of Garnishment.

5. Once you receive the Final Order of Garnishment, mail your check payable to Clerk, U.S. District Court to:

    Clerk, U.S. District Court
    167 N. Main Street, Suite 242
    Memphis, TN  38103

    Indicate on each remittance your employee's name and the criminal case number so that proper credit will be given.

6. DISBURSEMENT OF WITHHELD AMOUNTS. Each pay period, amounts withheld should be remitted to the Clerk, U.S. District Court.

7. If you fail to answer this Writ or to withhold property in accordance with the Writ, the Court may make you liable for that amount of Defendant's property that you failed to withhold. Additionally, you may be held liable for a reasonable attorney fee if the United States files a petition with the Court requesting an explanation for your failure to comply with this Writ.

If you have any additional questions, please contact Tracy Kiper via email at Tracy.Kiper@usdoj.gov or at (901) 969-2939, or write to: U.S. Attorney's Office, Financial Litigation Unit, 167 N. Main Street, Suite 800, Memphis, TN 38103.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br> **Plaintiff,** <br><br> v. <br><br> **MILWAUKEE TOOL,** <br> **Garnishee,** <br><br> and <br><br> **SHAKITA TURNER,** <br> **Defendant.** | ) <br> ) <br> )    **Case No.: 2:25cv2025 SHL/tmp** <br> )    *(Ref. Case No.: 2:09CR20295-001)* <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ANSWER OF THE GARNISHEE

STATE OF _____
COUNTY OF _____

I, _____, declare under penalty of perjury that the
   (Name of Person Completing the Answer)

following is true and correct to the best of my information, knowledge, and belief:

**A.**  Indicate whether Garnishee is an individual, partner, corporation, or some other entity, and identify your relationship to Garnishee:

_____

**B.**  (1)  Date Garnishee was served with the Writ of Garnishment: _____

     (2)  Pay Period in effect on the date of service: _____

     (3)  First day of Pay Period listed in B(2): _____

     (4)  Last day of Pay Period listed in B(2): _____

     (5)  Does Garnishee currently employ Defendant? \_\_\_\_ Yes; \_\_\_\_ No

     (6)  If Garnishee previously employed, but no longer employs, Defendant, please indicate Defendant's last date of employment: _____

(7) Garnishee pays Defendant:

___ Weekly; ___ Bi-weekly; ___ Semi-monthly; ___ Monthly

(8) Itemize Defendant's wages below:

    (a) Gross Pay      $ _____

    (b) Federal Income Tax      $ _____

    (c) F.I.C.A. Income Tax      $ _____

    (d) State Income Tax      $ _____

    (e) City/Local Income Tax      $ _____

Total of tax withholdings      $ _____

**Disposable Earnings**      $ _____
**{Line (a) less total of Lines (b, c, d, e)}**

**(f) 25% of disposable earnings**      $ _____

    or

The amount by which disposable    $ _____
earnings exceed thirty times the
federal minimum hourly wage,

whichever is less.

(9) Have there been previous garnishments that are presently in effect, including, but not limited to, child support and alimony?

_____ Yes; _____ No   If yes, describe below.

_____

_____

2

**C.** The Garnishee has custody, control, or possession of the following property (other than disposable earnings indicated above) in which Defendant maintains an interest described below:

| Description of Property | Approx. Value | Description of Defendant's Interest in Property |
|---|---|---|
| 1. _____ | $ _____ | _____ |
| 2. _____ | $ _____ | _____ |
| 3. _____ | $ _____ | _____ |
| 4. _____ | $ _____ | _____ |

**D.** Garnishee anticipates owing to Defendant in the future, the following amounts from wages or other compensation:

| Amount | Estimate Date or Period Due |
|---|---|
| $_____ | _____ |
| $_____ | _____ |
| $_____ | _____ |
| $_____ | _____ |

**E.** Does Garnishee assert any objections, defenses, or set offs to the United States' right to garnishment?

____ Yes;  ____ No    If yes, describe below.

_____

_____

3

**F.**	Garnishee mailed the original of this answer by first-class mail to the Clerk, United States District Court, 167 N. Main Street, Suite 242, Memphis, TN 38103, and mailed a copy of this answer by first-class mail to (1) Defendant at the last known address listed in the Writ; and (2) the attorney for the United States, Stuart J. Canale, Assistant U.S. Attorney, 167 N. Main Street, Suite 800, Memphis, TN 38103.

_____
Signature

Sworn to before me this _____ day of _____, 20\_\_\_.

_____
Notary Public

Address of Garnishee:
_____

Phone Number w/Area Code: (_____) _____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | Case No.: 2:25cv2025 SHL/tmp |
| v. ) | *(Ref. Case No.: 2:09CR20295-001)* |
| ) | |
| MILWAUKEE TOOL, ) | |
| Garnishee, ) | |
| ) | |
| and ) | |
| ) | |
| SHAKITA TURNER, ) | |
| Defendant. ) | |

## CLERK'S NOTICE OF GARNISHMENT

You are hereby notified that a garnishment is being taken by the United States of America, which has a judgment against you in the amount of $241,137.78 as a result of a criminal judgment in Case No. 2:09CR20295-001 in the U.S. District Court for the Western District of Tennessee. As of January 13, 2025, a balance of $216,926.17 remains outstanding.

In addition, you are hereby notified that there are exemptions under the law that may protect some of this property from being taken by the United States if you can show that the exemptions apply. Below is a summary of the exemptions that apply to the enforcement of judgments for criminal fines and restitution under 18 U.S.C. § 3613:

> (1) Wearing apparel and schoolbooks. --Such items of wearing apparel and such schoolbooks as are necessary for the debtor or for members of his family. 26 U.S.C. § 6334(a)(1).
>
> (2) Fuel, provisions, furniture, and personal effects. --So much of the fuel, provisions, furniture, and personal effects in the debtor's household, and of the arms for personal use, livestock, and poultry of the debtor, as does not exceed **$11,710** in value. 26 U.S.C. § 6334(a)(2), (g).

(3) Books and tools of a trade, business, or profession. --So many of the books and tools necessary for the trade, business, or profession of the debtor as do not exceed in the aggregate **$5,860** in value. 26 U.S.C. § 6334(a)(3), (g).

(4) Unemployment benefits. --Any amount payable to an individual with respect to his unemployment (including any portion thereof payable with respect to dependents) under an unemployment compensation law of the United States, of any State, or of the District of Columbia or of the Commonwealth of Puerto Rico. 26 U.S.C. § 6334(a)(4).

(5) Undelivered mail. --Mail, addressed to any person, which has not been delivered to the addressee. 26 U.S.C. § 6334(a)(5).

(6) Certain annuity and pension payments. --Annuity or pension payments under the Railroad Retirement Act, benefits under the Railroad Unemployment Insurance Act, special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor roll (38 U.S.C. 1562), and annuities based on retired or retainer pay under chapter 73 of title 10 of the United States Code. 26 U.S.C. § 6334(a)(6).

(7) Workmen's compensation. --Any amount payable to an individual as workmen's compensation (including any portion thereof payable with respect to dependents) under a workmen's compensation law of the United States, any State, the District of Columbia, or the Commonwealth of Puerto Rico. 26 U.S.C. § 6334(a)(7).

(8) Judgments for support of minor children. --If the debtor is required by judgment of a court of competent jurisdiction, entered prior to the date of levy, to contribute to the support of his minor children, so much of his salary, wages, or other income as is necessary to comply with such judgment. 26 U.S.C. § 6334(a)(8).

(9) Certain service-connected disability payments. --Any amount payable to an individual as a service-connected (within the meaning of section 101(16) of title 38, United States Code) disability benefit under-- (A) subchapter II, III, IV, V, or VI of chapter 11 of such title 38, or (B) chapter 13, 21, 23, 31, 32, 34, 35, 37, or 39 of such title 38. 26 U.S.C. § 6334(a)(10).

(10) Assistance under Job Training Partnership Act. --Any amount payable to a participant under the Job Training Partnership Act (29 U.S.C. 1501 et seq.) from funds appropriated pursuant to such Act. 26 U.S.C. § 6334(a)(12).

You have a right to ask the Court to return your property if you think the property the Government is taking qualifies under one of the above exemptions or if you think you do not owe the debt to the Government that is says you do. If you want a hearing, you must notify the Court.

Within 20 days after you receive this notice, your request must be in writing, and you may use the attached form to request the hearing. You must either mail it or deliver it in person to the Clerk, U.S. District Court at 167 N. Main Street, Suite 242, Memphis, TN 38103. You must also send a copy of your request to the Government at the United States Attorney's Office, Financial Litigation Unit, 167 N. Main Street, Suite 800, Memphis, TN 38103, so the Government will know you want a hearing. Not all requests are granted. If you are entitled to a hearing, it may take place within 5 days after the Clerk receives your request, if you ask for it to take place that quickly, or as soon after that as possible. The Court will issue an order advising you of the date, time, and place of any hearing scheduled.

If you are granted a hearing, you may explain to the judge why you believe the property the Government has taken is exempt or why you think you do not owe the money to the Government.

If you think you live outside the Federal judicial district in which the Court is located, you may request, not later than 20 days after you receive this notice, that this proceeding to take your property be transferred by the Court to the Federal judicial district in which you reside. You must make your request in writing and either mail or deliver it in person to the Clerk, United States District Court at 167 N. Main Street, Suite 242, Memphis, TN 38103. You must also send a copy of your request to the Government at the United States Attorney's Office, Financial Litigation Unit, 167 N. Main Street, Suite 800, Memphis, TN 38103, so the Government will know you want the proceeding transferred.

You may use the attached form to claim an exemption and to request a hearing or transfer. Be sure to keep a copy of this notice for your own records. If you have any questions about your

rights or about this procedure, you should contact a lawyer, an office of public legal assistance, or the Clerk of the Court.

The Clerk is not permitted to give legal advice but can refer you to other sources of information.

Dated: January 13, 2025

                                          WENDY OLIVER, CLERK
                                          UNITED STATES DISTRICT COURT
                                          WESTERN DISTRICT OF TENNESSEE

                              By:        s/ Judy Easley
                                   Deputy Clerk

4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br> **Plaintiff,** <br><br> v. <br><br> **MILWAUKEE TOOL,** <br> **Garnishee,** <br><br> and <br><br> **SHAKITA TURNER,** <br> **Defendant.** | ) <br> ) <br> )    Case No.: 2:25cv2025 SHL/tmp <br> )     *(Ref. Case No.: 2:09CR20295-001)* <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## CLAIM FOR EXEMPTIONS,
## REQUEST FOR HEARING, AND/OR REQUEST FOR TRANSFER

**Instructions: Check all the boxes and fill in all the blanks that apply.**

[ ] I think that the property taken by the United States is exempt under the following applicable exemption(s): _____

_____.

I request a [ ] hearing in this district; or a [ ] transfer to the federal district where I reside in the _____ (district) of _____ (state). I request that the hearing take place: [ ] within 5 days; or [ ] after 5 days, but within a reasonable time, so I can first discuss this matter with the U.S. Attorney's Office.

[ ] I do not request a hearing in this matter.

I understand that this form will be a publicly filed document.

IT MAY BE HELPFUL FOR YOU TO CONSULT WITH AN ATTORNEY IN THIS MATTER.

The statements made in this claim of exemptions and request for hearing as to exemption entitlement are made and declared under penalty of perjury that they are true and correct.

_____  _____  _____
Defendant/Debtor's printed name      Defendant/Debtor's signature           Date

Address: _____
         _____
         _____
Email: _____
Home Phone:  (_____) _____
Work Phone:  (_____) _____


NOTE:  You must send a copy of this form to:

Clerk, United States District Court
167 N. Main Street, Suite 242
Memphis, TN 38103

and

United States Attorney's Office
Financial Litigation Unit
167 N. Main Street, Suite 800
Memphis, TN 38103

2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>MILWAUKEE TOOL,<br>Garnishee,<br><br>and<br><br>SHAKITA TURNER,<br>Defendant. | Case No. 2:25cv2025 SHL/tmp<br>(Ref. Case No.: 2:09CR20295-001) |

## INSTRUCTIONS TO DEFENDANT FOR OBJECTING TO THE ANSWER OF GARNISHEE

YOU ARE HEREBY NOTIFIED that a Garnishment was issued based upon a Judgment entered against you on April 15, 2011. The Garnishment was served on Milwaukee Tool, Garnishee, and it is believed that the Garnishee may have property of yours in its custody, possession, or control.

YOU ARE FURTHER NOTIFIED that, unless within twenty (20) days from the date of receipt of the Answer of the Garnishee, you file a written Objection to explain why you object to the completed Answer of the Garnishee served upon you, and request a hearing, a Court Order will be entered attaching the funds or property and the funds or property will be applied against the Judgment owed to the United States of America.

Pursuant to 28 U.S.C. § 3205, the Objection must state your reasons for the objection, and you bear the burden of proving the stated grounds.

Any objection that you file to contest the Answer of the Garnishee must be filed with:

Clerk, U.S. District Court
167 N. Main Street, Suite 242
Memphis, TN 38103

A copy of the Objection or other pleadings <u>must also be served on:</u>

United States Attorney's Office
Financial Litigation Unit
167 N. Main Street, Suite 800
Memphis, TN 38103

and

Milwaukee Tool
Attn: Payroll/Garnishments
13135 West Lisbon Road
Brookfield, WI 53005

YOU MAY WISH TO CONSULT A LAWYER FOR ADVICE AS TO THE MEANING OF THIS NOTICE.

Respectfully submitted,

REAGAN TAYLOR FONDREN
ACTING UNITED STATES ATTORNEY
WESTERN DISTRICT OF TENNESSEE

By:   /s/Stuart J. Canale
      Stuart J. Canale (BPR# 012590)
      Assistant United States Attorney
      United States Attorney's Office
      167 N. Main Street, Suite 800
      Memphis, TN 38103
      Office: (901) 544-4231
      Fax:    (901) 544-4230

2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br> **Plaintiff,** <br><br> v. <br><br> **MILWAUKEE TOOL,** <br> **Garnishee,** <br><br> and <br><br> **SHAKITA TURNER,** <br> **Defendant.** | ) <br> ) <br> )    Case No.: 2:25cv2025 SHL/tmp <br> )    (Ref. Case No.: 2:09CR20295-001) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## CERTIFICATE OF SERVICE OF DOCUMENTS

The United States of America, a judgment creditor herein, certifies that on the date shown below the following documents were mailed to Defendant at Defendant's last known address and to Garnishee:

1. Application for Writ of Garnishment
2. Writ of Garnishment
3. Instructions to the Garnishee
4. Form for "Answer of the Garnishee"
5. Clerk's Notice of Garnishment
6. Claim for Exemptions, Request for Hearing, and/or Request for Transfer
7. Instructions to Defendant for Objecting to the Answer of Garnishee

DATE: January 14, 2025

Respectfully submitted,

REAGAN TAYLOR FONDREN
ACTING UNITED STATES ATTORNEY
WESTERN DISTRICT OF TENNESSEE

By: /s/Stuart J. Canale
Stuart J. Canale (BPR# 012590)
Assistant United States Attorney
United States Attorney's Office
167 N. Main Street, Suite 800
Memphis, TN 38103
Office: (901) 544-4231
Fax:    (901) 544-4230